**Matthew Cobb**
P.O. Box 2093
Acton, Massachusetts 01720
Telephone (978) 985-7523

January 4, 2005

## VIA OVERNIGHT MAIL –
## PLEASE DELIVER ASAP TO JUDGE YOUNG.

The Honorable William G. Young
U.S. District Court, District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02210

Re:  MBD 04-10226 - ex parte proceeding.

Dear Judge Young:

I received your Order of November 30, 2004, on December 9th,
2004 at my P.O. Box (where all 101 Tremont Street mail has been
forwarded to for some time now). I have retained the envelope
(regular U.S. Mail) which was postmarked December 6th. I thought
that had my change of address already in the Courthouse computer
system (from 101 Tremont, where your order was mailed to, to the
above P.O. Box in Acton), which change was made during the
pendency of Cobb v. SJC, 04 - 10390 MLW. In any event, I received
the said Order three days after it's postmark, which is what the
federal rules contemplate anyway. By my count, that makes the
thirty day written response date the 8th of this month, which is
this coming Saturday. I will therefore file my written response
with the Court on Monday, January 10th. I believe that this is
permissible under the federal rules.

I admit that when I read the Order, I missed the part about
requesting the hearing (within fifteen days). I also admit that I
was previously aware of this requirement under the local rules,
as Judge Wolf and I had a fairly detailed discussion relative to
these very local rules in Cobb v. SJC, 04 - 10390 MLW, in August
of last year. Sadly, I was not focused sufficiently on the paper
on the 9th when I read it, and I only made a mental note for the
written filing, and totally missed the hearing request
requirement. I have had some trouble focusing on this mess since
my disbarment, and I was in fact slightly surprised when I
received the Order, as Judge Wolf had explained to me that this

Court would await the SJC's final ruling. To the extent however that this Court has accelerated this proceeding pursuant to a written request that I made to Judge Wolf last year, then that is appreciated. So, if you in your discretion can grant a hearing upon this request, the same would be appreciated. Otherwise, I respect your judgment and this Court's Rules and will stand on the papers which are to be filed.

When a man is publically disbarred for being a crook, and he knows in his heart that every sitting member of the disbarring authority understands the reality that the record against him was devoid of even prima facie evidence of theft - the admitted sole disbarment charge - it truly can affect the his judgment at times. For this human frailty, I sincerely apologize.

Judge, I was run out of Dodge for trying to clean it up. This entire ancient proceeding against me was motivated by my public reporting in 1994 and 1995 (what even Justice Greaney now admits was prima facie) fraud on the court/ unethical actions perpetrated by well liked court officers. Yet my reporting was under my Massachusetts Lawyer's Oath's duty/right. The First and Fourteenth Amendments allow me to do this very thing, and if I here prevail, and if the situation ever again presents itself, I will again report under my Oath any prima facie fraud on the court/ unethical acts committed by judicial officers. Any lawyer who does not is not worthy of practicing law.

I look forward to your review of the papers to be filed. Thank you Sir for your consideration.

Sincerely,

Matthew Cobb